UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBYN BROOKS,

                Plaintiff,

    v.

USAA CASUALTY INSURANCE COMPANY,

                Defendant.

CASE NO. 19-5630 RJB-BAT

ORDER ON PLAINTIFF'S MOTION FOR REMAND

THIS MATTER comes before the Court on the Plaintiff's Motion for Remand to State Court. Dkt. 13. The Court has considered the pleadings filed regarding the motion and the remaining file.

Originally filed in Pacific County, Washington Superior Court, this case asserts claims against Defendant USAA Casualty Insurance Company ("USAA") arising from injuries sustained by its insured in a car accident with an uninsured motorist. Dkt. 1-6. USAA removed the case to this Court based on the diversity of the parties' citizenship and the amount in controversy, pursuant to 28 U.S.C. § 1332(a). Dkt. 1. The Plaintiff now moves to remand the

ORDER ON PLAINTIFF'S MOTION FOR REMAND - 1

case, asserting that USAA has failed to show that the amount in controversy is more than $75,000. Dkt. 13. For the reasons provided below, the motion to remand (Dkt. 13) should be granted.

## I.     FACTS

According to the Complaint, at the relevant time, Plaintiff was an insured driver under a policy issued by USAA, which included benefits for personal injuries sustained in an accident with an uninsured motorist. Dkt. 1-6. The policy included personal injury protection ("PIP") benefits. *Id.* The Complaint asserts that while USAA has paid some of the medical expenses it was obligated to pay, it has not paid $4,100 in medical expenses that it should pay under the policy's PIP benefits. Dkt. 1-6, at 7. The Plaintiff makes Washington state law claims for insurance bad faith, breach of fiduciary duty, breach of contract, violation of the Insurance Fair Conduct Act, RCW 48.30, *et. seq.*, ("IFCA"), violation of the Consumer Protection Act, RCW 19.86, *et. seq.* ("CPA"), and negligence. *Id.,* at 8-10. The Plaintiff seeks damages, including treble damages under the CPA, attorneys' fees, and costs. *Id.,* at 10.

The notice of removal states that on July 1, 2019, the Plaintiff served her responses to USAA's First Requests for Admission. Dkt. 1. The first request for admission provided: "Admit that the damages YOU claim in YOUR COMPLAINT against USAA CIC in this action inclusive of any attorney's fees, economic damages, non-economic damages, statutory damages, or otherwise, do not exceed $75,000.01?" Dkt. 1-1, at 4 (*emphasis in original*). The Plaintiff responded "deny." *Id.* USAA removed the case on July 10, 2019. Dkt. 1.

The Plaintiff moves to remand the case. Dkt. 13. She argues that, while the parties are completely diverse in their citizenship, the $75,000 in controversy amount (as required by 28 U.S.C. § 1332 (a)) is not met. *Id.* The Plaintiff seeks attorneys' fees and costs incurred in filing

the motion to remand. *Id.* USAA opposes the motion. Dkt. 17. In her reply, the Plaintiff states that she provided her Initial Disclosures to USAA on August 30, 2019, which was the date USAA filed its response. Dkt. 21, at 1, n. 1. She maintains that "[t]hese disclosed less than $5000.00 in unpaid PIP benefits at issue in this matter." *Id.* The motion is ripe for review.

## II. DISCUSSION

Removal of a case from a state court to a United States District Court is governed by the provisions of 28 U.S.C. §§ 1441 and 1446. Section 1441 provides, in relevant part, as follows:

> Except as otherwise expressly provided by Act of congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . .

28 U.S.C. § 1441(a). USAA asserts that this court has original jurisdiction in this case under § 1332 (a) because of the diversity of the parties' citizenship and the amount in controversy. Dkt. 1. Section 1332 (a) provides that diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332 (a). Under 28 U.S.C. § 1446 (c)(2),

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –
>
>   (A) the notice of removal may assert the amount in controversy if the initial pleading seeks -
>
>     (i) nonmonetary relief; or
>
>     (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
>   (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by

the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446. Accordingly, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). When, as here, the plaintiff contests the defendant's assertion, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount-in-controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 416 (9th Cir. 2018)(*internal quotation marks and citation* omitted). Section 1332 (a)'s amount-in-controversy requirement includes claims for damages and attorneys' fees. *Chavez,* at 416 and *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007)(holding "amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees").

Plaintiff's motion to remand the case to Pacific County, Washington Superior Court (Dkt. 13) should be granted. The Plaintiff now states, in her Initial Disclosures, and in her pleadings filed with this Court that less than $5,000 of unpaid benefits are at issue in this case. Even with the statutory treble damages provisions, it has now been demonstrated, by a preponderance of the evidence, the amount-in-controversy, including attorneys' fees, is less than $75,000. While the Defendant properly points out that there were substantial grounds, at the time of removal, to believe that the amount in controversy was over $75,000, it is now clear that is not the case. Pursuant to 28 U.S.C. § 1447 (c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This Court no longer has subject matter jurisdiction, so the Plaintiff's motion for remand should be granted. The case should be remanded to Pacific County, Washington Superior Court.

A court may reward reasonable attorney's fees and costs incurred by the party seeking remand. 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

The Plaintiff's motion for attorneys' fees and costs for having to bring this motion to remand (Dkt. 13) should be denied. At the time of removal, there was some indicia that the amount in controversy here could exceed $75,000.00. USAA did not "lack an objectively reasonable basis for removal." *Martin,* at 141. Attorneys' fees and costs should not be awarded.

### III.  ORDER

It is **ORDERED** that:

- The Plaintiff's Motion for Remand to State Court (Dkt. 13) **IS GRANTED,** as to the motion to remand and **DENIED**, as to the motion for attorneys' fees and costs**;** and
- This case **IS REMANDED** to Pacific County, Washington Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of September, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge